The YANKTON SIOUX TRIBE OF INDIANS, Plaintiff,

v.

Kenneth NELSON, Daniel Svotas, and De Wit Harold, Defendants,

and

State of South Dakota, Intervenor-Defendant,

and

County of Charles Mix, South Dakota, Intervenor-Defendant.

No. CIV76–4066.

United States District Court, D. South Dakota, S.D.

July 25, 1983.

---

3. This position is not without its critics. See, e.g., *United States v. Hayes,* 676 F.2d 1359, 1365 (11th Cir.1982).

Arlinda Locklear and Richard Dauphinais, Native American Rights Fund, Washington, D.C., and Yvonne Knight, Native American Rights Fund, Boulder, Colo., and John W. Keller, Jr., Huron, S.D., for plaintiff.

David Albert Mustone, Tobin Law Offices, Washington, D.C., and Daniel J. Doyle, Asst. Atty. Gen., Pierre, S.D., for defendants and intervenor-defendants, respectively.

## FINDINGS OF FACT ON REMAND AND ORDER

NICHOL, Senior District Judge.

This matter is before the Court on remand for a factual determination of the navigability of Lake Andes for the following time periods: 1858, when the United States and the Tribe entered into the Treaty creating the Reservation; 1889, when South Dakota entered the Union; and 1892, when the Tribe agreed to cede the unallotted portions of the Reservation to the United States. *See Yankton Sioux Tribe of*

*Indians v. Nelson, et al.,* 683 F.2d 1160, 1163 n. 3 (8th Cir.1982). The Court will also determine the merits of the State and County defendants' motion for joinder of the United States Fish and Wildlife Service.

### I.

#### A. Navigability.

■■■ A body of water that in its natural condition or with reasonable improvements would support watercraft is navigable in law. *United States v. Appalachian Electric Power Co.,* 311 U.S. 377, 407, 61 S.Ct. 291, 299, 85 L.Ed. 243 (1940). After a review of the file, the records, and all the evidence adduced in support of the cross-motions for summary judgment, the Court finds that Lake Andes was navigable in law and in fact during the relevant time periods.

### II.

#### A. Joinder.

The State and County defendants moved for an order directing the plaintiff "to attempt to effectuate joinder—whether consensual or pursuant to an applicable statutory waiver of sovereign immunity—of the United States Fish and Wildlife Service...." By Order dated October 28, 1982, this Court invited the United States Fish and Wildlife Service to intervene in this action as a party defendant. As of this date the United States Fish and Wildlife Service has yet to respond.

In order to bring an end to this matter the Court hereby denies the motion for joinder. No prejudice will accrue to the United States as a result of this Order. Should the plaintiff prevail, the United States will retain its interest in the disputed area as trustee for the Yankton Sioux. If, on the other hand, the defendants should prevail, the United States interest in the disputed area will continue under the perpetual easement granted to it by the State of South Dakota.